

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,695-01

### EX PARTE JOSE GUADALUPE REYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-4153-14-D(1) IN THE 206TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to ten years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal, resulting in the dismissal of Applicant's appeal. *Reyes v. State*, No. 13-15-00378-CR (Tex. App.—Corpus Christi-Edinburg Sept. 17, 2015).

The trial court has determined that counsel failed to timely file a notice of appeal. We find

that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. CR-4153-14-D(1) from the 206th District Court of Hidalgo County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's other ground is dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 5, 2016
Do not publish